UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RAY MICHAEL DILLON,<br><br>              Plaintiff,<br><br>   vs.<br><br>MIKE MILSTAD, SHERIFF, MINNEHAHA COUNTY; MICHELLE BOYD, CHIEF DEPUTY SHERIFF, MINNEHAHA COUNTY; JEFF GROMER, WARDEN, MINNEHAHA COUNTY; PAM KNOPF, CCS EMPLOYEE, MINNEHAHA COUNTY; AND JOHN DOEI, CCS EMPLOYEE, MINNEHAHA COUNTY;<br><br>              Defendants. | 4:13-CV-04083-LLP<br><br>ORDER |

      Pending is Defendant's Motion for Judgment on the Pleadings or, in the alternative, for Summary Judgment. See Docket No. 20. Although plaintiff Ray Dillon moved the court for an extension of time to respond to defendants' motion and the court granted that request, Mr. Dillon has yet to file a response.

      However, Federal Rule of Civil Procedure 56(a) provides that summary judgment shall issue in favor of the movant only if there is no genuine dispute as to any material fact *and* the movant is entitled to judgment as a matter of law. Therefore, even where a summary judgment motion is unopposed, the court must still determine if summary judgment is appropriate. See Canada v.

Union Elec. Co., 135 F.3d 1211, 1213 (8th Cir. 1997) (failure by nonmoving party to respond to summary judgment motion is not dispositive of the motion); United States v. One Parcel of Real Property, 27 F.3d 327, 329 n.1 (8th Cir. 1994) (same); FED. R. CIV. P. 56, Advisory Committee Notes to 2010 amendment, subdivision (e) (stating "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion.").

Although Mr. Dillon's pleadings are entitled to be liberally construed because he is proceeding *pro se* (see Jackson v. Nixon, 747 F.3d 537, 541 (8th Cir. 2014)), nevertheless the requirements of FED. R. CIV. P. 56 still apply to him. Quam v. Minnehaha County Jail, 821 F.2d 522, 522 (8th Cir. 1987). Liberal construction means "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper framework." Jackson, 747 F.3d at 544 (quoting Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004)). Liberal construction does not require the court to scour the record to determine if a genuine issue of material fact exists. Satcher v. Univ. of Ark. At Pine Bluff Bd. Of Trs., 558 F.3d 731, 735 (8th Cir. 2009).

However, just as the court will not scour the record trying to find facts in Mr. Dillon's favor, the court will not scour the record trying to construct a scenario whereby defendants appear entitled to summary judgment. Defendants have not supported their motion for summary judgment with a statement of undisputed material facts as required by local rule. See DSD LR

56.1A.  Defendants urge the court to take Mr. Dillon's asserted facts in his complaint as true, but skirt important issues such as whether Mr. Dillon suffered from a serious medical condition, what steps were taken to address that condition, and whether those steps represented official policy of the county.  Essentially, defendants fault Mr. Dillon's complaint because it does not contain a level of detail and specificity that would allow it to counter a properly supported motion for summary judgment.  That is not the law which this court is bound to apply.

As for defendants' motion for judgment on the pleadings, the court has already applied that standard to Mr. Dillon's complaint and concluded that Mr. Dillon did plead sufficient facts to state a claim.  Nevertheless, the court reserves ruling on that portion of defendants' motion seeking judgment on the pleadings until the alternative summary judgment motion is properly supported.  Accordingly, it is hereby

ORDERED that defendants must file a statement of undisputed material facts in support of their motion for summary judgment on or before September 29, 2015.  It is further

ORDERED that Mr. Dillon, if he wishes to resist defendants' motion, must file (1) a response to defendants' motion and (2) a paragraph-by-paragraph response to defendants' statement of material facts.  Both documents must be on file with the court or before October 20, 2015.  Finally, it is

ORDERED that defendants file their reply, if desired, to Mr. Dillon's response in opposition on or before November 3, 2015.

Mr. Dillon is hereby given notice that failure to respond to defendants' motion may result in his complaint being dismissed with prejudice.

DATED September 15, 2015.

                BY THE COURT:

                /s/ Veronica L. Duffy
                VERONICA L. DUFFY
                United States Magistrate Judge